**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Black, | No. CV-25-00655-RCC-EJM |
| Plaintiff, | No. CV-25-00670-JAS-BGM |
| v. | No. CV-25-00671-JGZ |
| Portfolio Recovery Associates LLC, et al., | **ORDER** |
| Defendants. | |

In 2025, Plaintiff Jeremy Black filed three cases against Defendant Portfolio Recovery Associates, LLC ("PRA")[1] in the small claims division of the Pima County Consolidated Justice Court. Each complaint alleges violations of the Fair Debt Collection

---

[1] Plaintiff's complaints name unknown John Does I–X, Jane Does I–X, ABC Corporations I-X; and XYZ Limited Partnerships I-X. There are no allegations as to any specific act of these Defendants giving rise to liability. *See Marcilis v. Township of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (upholding dismissal where plaintiff failed to "allege, with particularity, facts that demonstrate what *each* defendant did . . . .'" (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008))); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."). Additionally, there has been no service on these parties, which is unsurprising as it is "virtually impossible" to serve a Doe Defendant. *See Woodbeck v. United States*, No. 07-1235-PHX-RCB, 2008 WL 312104, at *3 (D. Ariz. Jan. 31, 2008) (quoting *Dugay v. JPMorgan Chase*, No. CIV 06-1663-PHX-RCB, 2006 WL 3792043, at *5 (D. Ariz. Dec. 20, 2006)). Thus, the Court dismisses the fictitious Defendants.

Practices Act ("FDCPA") and includes the same underlying factual allegations "stemming from PRA's failure to verify and validate the debt and continued inaccurate reporting." (Doc. 37 at 5 in CV-25-00655-TUC-RCC-EJM) ("Lead Case").) The only difference between complaints is to whom PRA furnished credit reports (Experian, Equifax, or TransUnion). PRA removed the three cases and now asks the Court to consolidate them. Plaintiff acknowledges that consolidation is appropriate. (Doc. 32 at 1 in Lead Case.) However, he argues this Court has no jurisdiction over the cases because (1) PRA improperly consolidated the cases upon removal, and (2) removal was untimely. PRA filed Motions to Dismiss for Failure to State a Claim in each case, arguing Plaintiff's claims are barred by the doctrine of res judicata and are untimely.

For the reasons stated herein, the Court grants PRA's Motion to Consolidate (Doc. 32 in Lead Case), denies Plaintiff's Motions to Remand (Doc. 23 in Lead Case; Doc. 19 in CV-25-00670-JAS-BGM; Doc. 17 in CV-25-00671-JGZ), and grants PRA's Motions to Dismiss (Doc. 26 in Lead Case; Doc. 20 in CV-25-00670-JAS-BGM; Doc. 18 in CV-25-00671-JGZ).

## I. MOTIONS TO REMAND

### a. Original Jurisdiction

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . . [i]f a civil action includes . . . a claim arising under the Constitution, laws, or treaties of the United States . . . ." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1447(c), a plaintiff may move to remand a case back to state court on the ground that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "[T]he removal statute is strictly construed against removal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). In other words, there is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th

Cir. 1979)). Thus, "[t]he party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

Plaintiff's FDCPA claims arise under federal law. 15 U.S.C. § 1692 *et seq.* In addition, Plaintiff has conceded that the cases were removable. Therefore, the Court has original jurisdiction over all three cases. *See* 28 U.S.C. § 1331.

> b. *Procedural Deficiency*

Plaintiff alleges the Court cannot exercise jurisdiction over the cases because the notice of removal in the Lead Case was procedurally deficient. Plaintiff claims PRA erroneously included all three complaints in its removal documents in the Lead Case. Plaintiff asserts that instead, PRA should have filed the motion for consolidation prior to removal from state court. Plaintiff argues that PRA's subsequent removal of the two other cases confirms that the initial removal was defective.

Plaintiff admits that he served all three complaints in the same FedEx package. He also concedes that PRA subsequently removed the two other cases separately and—apart from timeliness—Plaintiff makes no argument these cases could not be independently removed. Instead, Plaintiff argues that PRA's subsequent removals did not remedy PRA's initial removal error.

While under Federal Rule of Civil Procedure 42(a), a federal court cannot consolidate actions before another tribunal, *see Schoppenhorst v. Schultz*, No. 3:24-cv-00209-SLG, 2025 WL 1652147, at *6 (D. Ala. June 10, 2025) (slip copy) (citing *Or. Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972)), Plaintiff has not demonstrated that consolidation of separate actions must occur in state court *prior* to removal.

That said, "[i]f a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't. of Health and Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000). Therefore, "the defendant must state the basis for removal jurisdiction in the petition for removal. Furthermore, the petition must be filed within thirty days of

receiving the complaint." *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1381 (9th Cir. 1988). "[A] defendant may amend the Notice of Removal after the thirty day window has closed to correct a 'defective allegation of jurisdiction,'" but an amended Notice of Removal is not permitted "to add a new basis for removal jurisdiction." *ARCO Envt'l. Remediation*, 213 F.3d at 1117. Meaning, the amended notice must "clarif[y] the factual underpinnings of the previously asserted basis' for removal." *DeFiore v. SOC LLC*, 85 F.4th 546, 559 (9th Cir. 2023) (quoting *Kinetic Sys., Inc. v. Fed. Fin. Bank*, 895 F. Supp. 2d 983, 994 (N.D. Cal. 2012)).

Plaintiff is correct that since the cases were not consolidated, PRA's notice of removal in CV-25-00655 only properly removed the Lead Case, not all three. However, all cases were removable because this Court has original jurisdiction over Plaintiff's FDCPA claims. Furthermore, PRA remedied any deficiency in removal by filing the subsequent notice of removal in the two other actions, reiterating that the basis for jurisdiction was the same, but clarifying that the cases were separate. Because any procedural defect has been remedied, any alleged improper removal does not prevent the Court from consolidating these cases.

### c. Timeliness

Plaintiff next claims that removal was untimely because Plaintiff served PRA's registered agent by Federal Express on October 28, 2025, and the removal was beyond the statutory time limit. A notice of removal must be filed within 30 days from service of the complaint. 18 U.S.C. § 1446(b)(1). PRA removed the Lead Case on November 26, 2025, and Case Nos. CV-25-00670 and CV-25-671 on December 4, 2025. Therefore, regardless of whether service was proper, PRA's notice of removal in the Lead Case was within the 30-day window.

State law governs service of process prior to removal. *Lee v. City of Beaumont*, 12 F.3d 933, 937 (9th Cir. 1993). Plaintiff filed his cases in the small claims division of the Pima County Consolidated Justice Court; therefore, Plaintiff's service requirements are governed by Arizona Rules of Small Claims Procedure and the Arizona Revised Statutes.

17B A.R.S. Rules Small Claims Proc., Rule 1, AZ ST SM CL Rule 1(b)(2). As applicable here, "the plaintiff may serve the defendant [with the summons and complaint] by registered or certified mail, with a 'return receipt requested.'" AZ ST SM CL Rule 5(b)(1). Likewise, under the Arizona Revised Statutes, "[i]n addition to any other available methods of service, the plaintiff may serve the summons and complaint by registered or certified mail." A.R.S. § 22-513(A). Certified and registered mail are distinct U.S. Postal Service delivery methods, and delivery through a private carrier is not sufficient. *Cachet Residential Builders, Inc. v. Gemini Ins. Co.*, 547 F. Supp. 2d 1028, 1030–31 (D. Ariz. 2007); *Brown v. China Integrated Energy*, No. CV 11-2559 MMM (PLAx), 2012 U.S. Dist. LEXIS 196471, at \*10 (C.D. Cal. July 12, 2012). Moreover, a defendant's actual notice of a suit does not trigger the 30-day deadline for removal. *Cachet*, 547 F. Supp. 2d at 1030–31; *Cooke v. Masterpharm, Inc.*, No. Cv-10-845-PHX-GMS, 2010 WL 2490536, at \*1 (D. Ariz. June 16, 2010); *see cf. Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend.").

Service by Federal Express does not constitute service by certified or registered mail. Therefore, PRA was not properly served on October 28, 2025. In turn, the 30-day time limit to file a notice of removal under 28 U.S.C. § 1446(b)(1) was not triggered. Consequently, PRA's notices of removal in Case Nos. CV-25-00670 and CV-25-00671 are not untimely. As such, the Court does not address PRA's second argument that Plaintiff waived his challenge to jurisdiction by litigating his claims in federal court.

## II.    MOTION TO CONSOLIDATE

Under Local Rule 42.1(a), two cases may be consolidated into a single case when the cases "(1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; . . . (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor if heard by different judges." LRCiv 42.1(a).

- 5 -

These cases involve the same parties, arise from PRA's reporting of the same account, and raise the same questions of law. Furthermore, litigating these cases before three separate judges would cause substantial duplication of labor. The Court finds that consolidation is appropriate.

**III. MOTIONS TO DISMISS**

> *a. Res Judicata*

First, PRA argues Plaintiff's claims are barred by res judicata and the statute of limitations. Plaintiff previously filed three Arizona state court cases against PRA in 2024, which—like here—included allegations of violations of the FDCPA for PRA's failure to verify debt. All of the 2024 cases were in reference to the same account as the 2025 cases. The 2024 cases include the same parties, same legal theory, and factually identical allegations, except that Plaintiff's first amended complaints in the 2025 cases added claims under 1692e and 1692f of the FDCPA. The 2024 cases were consolidated in state court, and PRA resolved the suits when Plaintiff accepted a $3,000.00 offer of judgment. PRA claims Plaintiff should and could have brought the additional statutory bases for relief in his 2024 cases, and he is now precluded from raising them piecemeal here.

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *GP Vincent II v. Estate of Beard*, 68 F.4th 508, 514 (9th Cir. 2023) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). The doctrine "serves to promote judicial efficiency by preventing multiple lawsuits and to enable the parties to rely on the finality of adjudications." *Dodd v. Hood River Cnty.*, 136 F.3d 1219, 1224–25 (9th Cir. 1998). "Res judicata applies when there is: '(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties.'" *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).

> i. Identity of Claims

Identity of claims requires a court to evaluate "(1) whether the rights or interests established by the prior judgment would be destroyed or impaired by prosecution of the

second action, (2) whether substantially the same evidence is presented in the two actions, (3) whether the two suits involve infringement of the same right, and (4) whether the two suits arise out of the same transactional nucleus of facts." *GP Vincent II*, 68 F.4th at 515 (citing *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005)). The Court addresses these factors in reverse.

"Whether two suits arise out of the same transactional nucleus depends upon whether they are related to the same set of facts and whether they could conveniently be tried together." *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010) (cleaned up). Thus, "where claims arise from the same factual circumstances, a plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding." *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012).

Here, Plaintiff's claims in the 2025 actions arise out of the same nucleus of operative facts as those asserted in the 2024 actions. A comparison of the 2024 and 2025 complaints confirms that both matters concern the same account, the same disputes, and the same course of conduct. In both actions, Plaintiff challenges PRA's alleged failure to validate a disputed debt associated with Plaintiff's account ending in 7194 and its continued reporting of that debt to credit reporting agencies. The complaints rely on the same core facts and overlapping time periods and differ only in the statutory labels applied to those facts.

Plaintiff's reliance on different FDCPA provisions does not alter the analysis. "[N]ewly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003). A plaintiff "cannot avoid the bar of res judicata merely by alleging conduct by the defendant not alleged in his prior action or by pleading a new legal theory." *McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986) (citing *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir.), *cert. denied*, 459 U.S. 1087 (1982)). Nor does seeking a different remedy for violation of the same primary right create a new cause of action. *Id.*

(citing *Sawyer v. First City Financial Corp.*, 124 Cal.App.3d 390, 400 (1981)).

Plaintiff's attempt to characterize this action as involving new conduct is unpersuasive. The 2024 actions encompassed the same course of conduct, including PRA's alleged reporting of the debt following Plaintiff's disputes. The 2025 complaints rely on that same course of conduct rather than discrete, subsequent acts. Because these claims arise from the same series of transactions, they could have been brought in the 2024 actions. *See United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998).

The remaining factors confirm this conclusion. The two actions also rely on substantially the same evidence—Plaintiff's dispute communications, credit reports, and PRA's reporting activity—and involve the same alleged injury. Allowing Plaintiff to proceed in this action would impair the rights established by the prior judgment, which resolved claims arising from PRA's handling of the same account through an offer of judgment and dismissal with prejudice. Accordingly, this element is satisfied.

### ii. Final Judgment on the Merits

The second element requires that the prior action "reached a final judgment on the merits." *Mpoyo*, 430 F.3d at 987 (citation omitted).

Plaintiff's 2024 actions were resolved through a Rule 68 offer of judgment, which Plaintiff accepted, and the cases were subsequently dismissed with prejudice. A dismissal with prejudice is considered a decision on the merits for res judicata purposes. *Id.* at 988 (citing *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005)). Accordingly, this element is satisfied.

### iii. Identity of Parties

The final element requires that the parties in the two actions be identical or in privity. *Mpoyo*, 430 F.3d at 988.

Here, there is no dispute that the parties are the same. Plaintiff litigated as plaintiff in both the 2024 and 2025 cases, and PRA was a defendant in each of those actions. Because the same parties are involved in both proceedings, this element is satisfied. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081

(9th Cir. 2003) ("[S]everal parties in both actions are identical, and therefore quite obviously in privity.").

Because all elements of res judicata are satisfied, Plaintiff's claims are barred and must be dismissed.

### iv. Statute of Limitations

Because the Court finds Plaintiff's claims are barred under res judicata, it need not reach PRA's second argument that Plaintiff's claims are barred by the one-year statute of limitations.

IT IS ORDERED:

1. PRA's Motion to Consolidate is GRANTED. (Doc. 32 in CV-25-00655-TUC-RCC-EJM.) The Clerk of Court shall reassign CV-25-00670-JAS-BGM and CV-25-00671-JGZ to the undersigned.

2. Plaintiff's Motions to Remand for Untimely Removal are DENIED. (Doc. 23 in CV-25-00655-RCC-EJM; Doc. 19 in CV-25-00670-JAS-BGM; Doc. 17 in CV-25-00671-JGZ).

3. PRA's Rule 12(b)(6) Motions to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted are GRANTED and these cases are DISMISSED WITH PREJUDICE. (Doc. 26 in CV-25-00655-TUC-RCC-EJM; Doc. 20 in CV-25-00670-JAS-BGM; Doc. 18 in CV-25-00671-JGZ.) The Clerk of Court shall docket accordingly and close the case files in these matters.

Dated this 31st day of March, 2026.

_____
Honorable Raner C. Collins
Senior United States District Judge